**In re Ella Mae CLINE, Debtor.**

**No. 01–59742.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Dec. 21, 2001.

---

**524**

Ella Mae Cline, Wellston.

Don E. Fuller, Chillicothe, OH, for Debtor.

Geoffrey J. Peters, Weltman, Weinberg & Reis Co., L.P.A., Columbus, OH, for Elsea.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

### *ORDER ON OBJECTION TO CONFIRMATION OF ELSEA, INC.*

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on an objection to confirmation filed by Elsea, Inc., dba Mid–Ohio Financial Services ("Elsea"). The Court heard the matter on December 6, 2001.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(L).

Ella Mae Cline (the "Debtor") has proposed a chapter 13 plan which calls for payments to the chapter 13 trustee of $505.10 each month for payment in full of allowed secured claims, priority unsecured claims and non-dischargeable student loan debts, and a dividend of 4% to all other allowed unsecured claims.

Elsea is the holder of a lien against the Debtor's 1997 Clayton Ashland manufactured home (the "Home"). Elsea asserts that the Home should be valued at $26,500 and that Elsea is, therefore, entitled to an allowed secured claim in that amount. The remainder of its $35,705 claim would then be paid at the 4% dividend. The Debtor believes the Home has a value of $15,000 and that Elsea's allowed secured claim is limited to that amount. If Elsea's objection is sustained, the Debtor's plan will exceed the 60–month maximum length permitted by § 1322(d) of the Bankruptcy Code.

Prior to the hearing on the objection, Elsea had the Home appraised. That appraisal was performed by an employee, certified as a mobile home appraiser, who appraises manufactured homes on his own time. It is his appraisal that is the basis for the value asserted by Elsea.

The Debtor purchased the Home from Elsea in April 1998. The purchase price of the Home was $25,900. There were amounts added to that purchase price for homeowners' insurance, warranties and credit life insurance. The Debtor made a down payment of $2,600 and financed the remaining debt with Elsea. Elsea rewrote the loan in 1999 to remove one party to the contract. The present balance owed is $34,227.63.

The appraiser hired by Elsea had visually inspected the Home and used cost and comparable approaches to valuation. He also referred to values set forth in a national guide to mobile home values. Using an industry-approved form for appraisals, Elsea's appraiser made a number of additions for geographic location, condition which he characterized as "excellent," and for specific components such as carpeting, curtains, certain bath fixtures and other such items. His final appraisal of $26,500 resulted from averaging the cost and com-

parable sales approaches. That value reflected an increase in the Home's value since the debtor purchased it new in early 1998.

The appraiser hired by the Debtor was a real estate broker and a state certified appraiser. He has appraised and sold mobile homes over a number of years as a real estate broker and also was at one time a mobile home dealer. His inspection of the Home showed it to be in average condition with certain defects. Specifically, the windows were not level, there was only partial skirting and the tie downs needed to secure the Home were not complete. His opinion of the Home's value, based on certain comparable sales and an average condition, was $15,000. The Debtor testified that she believed $15,000 was a reasonable value, given the defects cited by her appraiser and the condition of the Home. The Debtor also observed that the appliances and curtains in the Home were original equipment, and that portions of the carpeting had been damaged by pets.

The Court finds that the value testified to by the Debtor and her appraiser is somewhat lower than actual market value. Her appraiser may have used as a reference a mobile home size that was two feet narrower than the Home. The value asserted by Elsea's appraiser, however, is much too high. His appraisal value of $26,500 must be discounted somewhat for his lack of independence. His opinion must also be discounted for his optimistic characterization of its condition as excellent. Finally, his unsupported assertion that mobile homes appreciate in value, without strong supporting evidence, simply is not credible.

After balancing all of those factors, the Court finds that the Home has a value of $18,500. That is the amount of Elsea's allowed secured claim. That increase in value should not cause the plan to exceed the 60–month statutory maximum. Elsea's objection to confirmation, therefore, will be, and the same is hereby, OVERRULED. An order confirming the chapter 13 plan will be entered.

**IT IS SO ORDERED.**